UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON MESSER,

      Plaintiff,

v.

SPENCER SWADISH, et al.,

      Defendants.

Case No. 24-cv-11743

Honorable Robert J. White

---

**OPINION AND ORDER GRANTING THE MILFORD DEFENDANTS'
MOTION TO PARTIALLY DISMISS THE AMENDED COMPLAINT**

---

I.    <u>Introduction</u>

      Jon Messer commenced this 42 U.S.C. § 1983 action against, among others, Milford Township, the Township's police department, and Milford Township police officers Spencer Swadish and Ashley Esposito (the "Milford Defendants" collectively). The amended complaint alleges that the individual officers violated the Fourth Amendment to the United States Constitution when they unlawfully searched and arrested him and that they violated the Fourteenth Amendment by exhibiting deliberate indifference to his serious medical needs.[1]

---

[1] Although Milford Township and the Township's police department are named as party defendants there are no substantive claims asserted against them in the amended complaint. (ECF No. 6).

Before the Court is the Milford Defendants' motion to dismiss the claims asserted against them in the amended complaint. (ECF No. 14).  Messer responded in opposition. (ECF No. 27).  The Milford Defendants filed a reply. (ECF No. 29). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2).  For the following reasons, the motion is granted.

II.     Background

Messer filed the initial complaint in this case on July 5, 2024. (ECF No. 1). The complaint named the Milford Defendants as parties to the litigation. (*Id.*, PageID.3-4, 8, ¶¶ 8-9, 21).  Upon Messer's request, the Clerk of the Court issued summonses for all the Milford Defendants on July 8. (ECF No. 2, PageID.39-46). Messer amended the complaint on August 15. (ECF No. 6).  He again requested summonses for all the Milford Defendants, which the Clerk of the Court issued on November 12. (ECF No. 9, PageID.203-04, 215-18, 227-28).  Messer served the Milford Defendants with process on December 16. (ECF No. 11, PageID.232).  They now move to dismiss the causes of action asserted against them in the amended complaint because Messer failed to serve process within the applicable limitations period. (ECF No. 14).

III.    Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff

2

and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6).  "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

A plaintiff does not typically need to plead that his causes of action are timely to state a plausible claim for relief. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim"); *Jones v. Bock*, 549 U.S. 199, 216 (2007).  That is because the statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). So it is usually inappropriate to dismiss a claim under Rule 12(b)(6) because of untimeliness. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Nonetheless, Rule 12(b)(6) dismissal is proper when the complaint's allegations affirmatively show that a claim is time-barred.[2] *See Jones*, 549 U.S. at 215.

---

[2] The Milford Defendants moved to dismiss the claims asserted against them in the amended complaint, pursuant to Rule 12(b)(6), with the understanding that dismissal on the basis of untimely service would ultimately render these causes of action time-barred.  Moving to dismiss the complaint under Rule 12(b)(5) – for insufficient service of process – would have accomplished the same function. *See United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 567, 569-70 (6th Cir. 2022) (affirming dismissal of amended complaint under Rule 12(b)(5) even though claims would then be time-barred); *cf. Heyward v. Cooper*, 88 F.4th 648, 655-56 (6th Cir. 2023).

IV.    <u>Analysis</u>

    A.    *Service of Process was Untimely*

Federal Rule of Civil Procedure 4(m) directs the Court to dismiss an action without prejudice or "order that service be made within a specified time" when the plaintiff fails to serve process within 90 days after the complaint is filed.

Messer filed the initial complaint – naming all the Milford Defendants – on July 5, 2024. (ECF No. 1). But he didn't serve them with process until December 16 – 74 days beyond Rule 4(m)'s mandated timeframe for service on October 3.[3] (ECF No. 11, PageID.232). So Messer failed to serve process on the Milford Defendants within Rule 4(m)'s time constraints.

Messer disagrees. His position is that the filing of the amended complaint on August 15 reset the time for service of process under Rule 4(m). (ECF No. 6; *see also* ECF No. 27, PageID.597-98). The United States Court of Appeals for the Sixth Circuit rejected this argument, however, in *Harris v. City of Cleveland*, 7 F. App'x

---

[3] The certificate of service does not indicate whether Messer ever served process on the Milford Township police department. (ECF No. 11, PageID.232). But the omission is immaterial because the Township's police department is not an appropriately named defendant anyway. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (holding that a Michigan township's police department was incapable of being sued "as a separate defendant" because the police department "is subsumed within [the] Township as a municipal entity to be sued under § 1983"); *see also Weddle v. DeWitt Charter Twp.*, No. 23-714, 2024 U.S. Dist. LEXIS 19394, at *9-10 (W.D. Mich. Feb. 5, 2024) (same); *Somers v. Charter Twp. of Clayton*, No. 10-11123, 2014 U.S. Dist. LEXIS 28494, at *22-23 n.14 (E.D. Mich. Mar. 6, 2014) (same).

452 (6th Cir. 2001), where it held expressly that "[a] plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants." *Id.* at 456; *see also Love v. Lew*, No. 13-14946, 2014 U.S. Dist. LEXIS 52476, at *1 (E.D. Mich. Apr. 16, 2014); 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1137 (4th ed. May 2025 Update) ("Filing an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service.").

At least two other circuits take this same view. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (holding that Rule 4(m)'s timeframe for service of process "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."); *Lee v. Airgas-Mid South, Inc.*, 793 F.3d 894, 898 (8th Cir. 2015) (same).

Because Messer did not serve the Milford Defendants with the summons and complaint until well after 90 days from filing the initial complaint, service of process was untimely.[4]

---

[4] Service of process was untimely even if filing the amended complaint could reset the time for service. Again, Messer filed the amended complaint on August 15. (ECF No. 6). 90 days from then was November 13. Messer didn't serve the Milford Defendants until December 16 – nearly a month later. (ECF No. 11, PageID.232).

B.    *No Good Cause Exists for Untimely Service of Process*

Even where service of process is untimely, Rule 4(m) requires district courts to "extend the time for service for an appropriate period" where the plaintiff "shows good cause for the failure."  "Good cause" in this context means "a reasonable, diligent effort to timely effect service of process." *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (quotation omitted); *see also Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004).

The Sixth Circuit has identified three situations where a finding of "good cause" is warranted: "(1) when the defendant has intentionally evaded service; (2) when the district court has committed an error; and (3) when a pro se plaintiff suffers from a serious illness." *Thul v. Haaland*, No. 22-5440, 2023 U.S. App. LEXIS 5046, at *7 (6th Cir. Mar. 1, 2023); *see also Savoie v. City of East Lansing*, No. 21-2684, 2022 U.S. App. LEXIS 23854, at *10 (6th Cir. Aug. 24, 2022).  The common thread in all three scenarios "is that something outside the plaintiff's control prevents timely service." *Thul*, 2023 U.S. App. LEXIS 5046, at *7 (quotation omitted).  The plaintiff carries the burden of demonstrating "good cause." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

Here, Messer's counsel misunderstood that filing the amended complaint resets the time for service of process under Rule 4(m). (ECF No. 27, PageID.597-98).  That mistake of law, however, does not qualify as sufficient "good cause" to

justify extending "the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also Johnson*, 835 F. App'x at 115 (stating that a "mistake of counsel or ignorance of the rules" cannot establish good cause); *Thul*, 2023 U.S. App. LEXIS 5046, at *8 ("Thul's misunderstanding of the governing rules did not constitute good cause.").

And Messer's contention that the Milford Defendants did not suffer prejudice because of the untimely service of process, and that they received actual notice of the litigation in the absence of service, are both unavailing. (ECF No. 27, PageID.597, 599-600). *See Johnson*, 835 F. App'x at 115 (observing that "mere lack of prejudice and actual notice are insufficient" to show good cause) (quotation omitted); *see also Thul*, 2023 U.S. App. LEXIS 5046, at *6 (same).  As a result, there is no "good cause" requiring the Court to "extend the time" for service of process. Fed. R. Civ. P. 4(m).

C.    *Discretionary Enlargement of Time for Service of Process*

Messer still has one last card to play.  District courts retain the discretion to enlarge the time for service of process even "absent a finding of good cause." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996).  They must consider the following factors when deciding to exercise this discretion:

> (1) whether an extension of time would be well beyond the time for service of process;

(2) whether an extension of time would prejudice the defendants other than the inherent prejudice in having to defend the suit;

(3) whether the defendants had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, *i.e.*, would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a *pro se* litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians*, 44 F.4th at 569.

Although some of these factors weigh in favor of enlarging the time for service and others cut against it, on balance they tip in favor of denying an enlargement of time.

To start with, an enlargement at this juncture would fall "well beyond" Rule 4(m)'s mandated timeframe for serving the initial complaint – October 3, 2024 (the first factor). Even if the Court denied the requested relief here at the earliest possible occasion, *i.e.*, the same day the Milford Defendants filed their motion (on January 16, 2025), and enlarged the time for service of process, the enlargement would

extend the time for service more than three months beyond the time when Messer should have served the initial complaint.

Next, an enlargement of time would prejudice the Milford Defendants (the second factor).    The nearly three years between Messer's arrest and the commencement of this litigation, coupled with the current dispute over the timeliness of service, would force the Milford Defendants into an untenable position. "[T]hrough no fault of their own" they would be compelled "to defend th[is] suit long after the statute of limitations had expired and memories had begun to fade." *Jones v. Ramos*, 12 F.4th 745, 750 (7th Cir. 2021); *see also Oakland Physicians*, 44 F.4th at 572; *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007) (noting that "[i]t is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action").

The Milford Defendants also had actual notice of this lawsuit before Messer served them with process on December 16 (the third factor).    As early as August 20, 2024, the Milford Defendants' attorneys emailed Messer's counsel offering to "discuss" service of process and to "review the camera footage of this incident." (ECF No. 29-1, PageID.647-48).

Denying an enlargement would "substantially prejudice" Messer because dismissal of the Milford Defendants for lack of timely service of process would effectively bar the claims asserted against them on statute of limitations grounds (the

fourth factor).   42 U.S.C. § 1983 claims arising in Michigan have a three-year

limitations period. *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020);

*see also* Mich. Comp. Laws § 600.5805(2).   The statute of limitations "begins to run

when the plaintiff knows or has reason to know that the act providing the basis of

his or her injury has occurred." *Garza*, 972 F.3d at 867 n.8 (quotation omitted).[5]

"[T]he filing of the complaint commences a federal question case for statute

of limitations purposes, *but only provisionally*." 4 Wright & Miller, *supra*, § 1056

(4th ed. May 2025 Update) (emphasis added); *see also Harris v. Canton*, 725 F.2d

371, 376 n.7 (6th Cir. 1984) (stating that "an action is commenced for limitations

purposes at the point of filing, even though service of process does not occur until

some later date.").   Federal lawsuits remain subject to "dismissal if process is not

served within 90 days of filing the complaint or an extension of the time for doing

so is not secured from the court." 4 Wright & Miller, *supra*, § 1056.   A lawsuit may

become time-barred if it is dismissed for lack of timely service of process and the

---

[5] These same principles apply to the gross negligence claim asserted against Officers
Swadish and Esposito. (ECF No. 6, PageID.179-80, ¶ 160).   The limitations period
for Michigan gross negligence claims is three years. *See Bestway Recycling v. Bean*,
No. 239440, 2003 Mich. App. LEXIS 1187, at *4 (Mich. Ct. App. May 20, 2003);
*see also* Mich. Comp. Laws § 600.5805(2).   "[T]he claim accrues at the time the
wrong upon which the claim is based was done regardless of the time when damage
results." Mich. Comp. Laws § 600.5827; *see also Bowden v. City of Franklin*, 13 F.
App'x 266, 274 (6th Cir. 2001) ("In contrast to the federal civil rights claims . . . the
Court must look to state law to determine when the claim for relief accrues when
that claim is before a federal court on diversity or supplemental jurisdiction.").

applicable limitations period expires between the filing of the original complaint and "the dismissal for failure to comply with Rule 4(m)'s deadline for serving the summons and complaint." *Id.*

Messer runs this same risk.  The claims asserted against the Milford Defendants arise from Messer's arrest on July 12, 2021. (ECF No. 6, PageID.131-32, 137, ¶¶ 7, 9, 33).  He filed the original complaint on July 5, 2024 – just shy of the three-year mark.  Deciding against enlargement would result in the dismissal of the claims asserted against the Milford Defendants without prejudice and "leave" Messer "in the same position as if the action never had been commenced." 4 Wright & Miller, *supra*, § 1056 (cleaned up).  Messer's quandary is that he would then be precluded from recommencing his claims against the Milford Defendants since the limitations period for these causes of action expired in the interim, on July 12, 2024.  So denying an enlargement of time to service process would effectively result in the dismissal of the claims asserted against the Milford Defendants *with prejudice*.

As for the fifth factor, the record does not show that Messer made any good faith efforts to timely serve process or that he was diligent in correcting any deficiencies.  Messer's counsel appears to have been unaware of the Sixth Circuit's longstanding precedent in *Harris* that "[a] plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants." 7 F. App'x at 456.  And as noted above, service of process

11

was untimely even according to Messer's counsel's own theory (albeit, an incorrect one) that filing an amended complaint resets the time for service on the defendants already named in the initial complaint. *See supra* Section IV.A. n.3.  This lack of effort contravenes any finding of "good faith" or diligence on Messer's part.

Messer is not a *pro se* litigant who typically deserves a generous measure of grace in correcting service defects (the sixth factor).

And lastly, several equitable factors undermine the case for granting an enlargement (the seventh factor).  Messer's counsel never moved for extension of time to serve process before October 3, 2024 or for an enlargement time thereafter. She overlooked well-settled, controlling Sixth Circuit precedent explaining the interplay between amended complaints and Rule 4(m)'s timeframe for service of process. *See Harris*, 7 F. App'x at 456.  And she failed to respond to the Milford Defendants' current motion within the requisite timeframe, which belies a lack of diligence in performing the most basic research to ascertain the correct filing date. (ECF No. 19; Text-Only Order Feb. 13, 2025).

One additional point.  Declining to enlarge the time to serve process would not prejudice Messer's claims against the Township and its police department because *there are none*.  The amended complaint is devoid of any causes of action asserted against either Milford Township or the Township's police department. (ECF No. 6).  And as discussed previously, the Township's police department is incapable

of being sued under 42 U.S.C. § 1983. *See supra* Section IV.A. n.2. All these equitable considerations militate against granting an enlargement of time.

Balancing the *Oakland Physicians* factors together points in the direction of denying an enlargement. Of all the factors, the prejudicial impact of dismissal due to the statute of limitations' expiration (the fourth factor) is the only one that weighs significantly in Messer's favor. Granted, the Advisory Committee's note to Rule 4 expressly states that enlarging the time for service of process is most "justified, for example, if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4 Advisory Committee Notes (1993 Amendments); *see also Oakland Physicians*, 44 F.4th at 569; *Morrissey v. Mayorkas*, 17 F.4th 1150, 166-67 (D.C. Cir. 2021); *Zapata v. City of New York*, 502 F.3d 192, 195-96 (2d Cir. 2007). But the Sixth Circuit, as well as other federal appellate courts, stress that "the running of the statute of limitations does not *require* a court to grant a discretionary extension." *Oakland Physicians*, 44 F.4th at 570 (emphasis in original); *see also Morrissey*, 17 F.4th at 1160; *Jones*, 12 F.4th at 750-51; *Zapata*, 502 F.3d at 197-98; *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995).

Instead, the Sixth Circuit views "whether the applicable statute of limitations has run" as "only one of several factors that a court must consider in deciding whether to grant a discretionary extension of time." *Oakland Physicians*, 44 F.4th at 570. "So long as" the district court "clearly weigh[s], on the record, the impact that

a dismissal or an extension would have on the parties before ordering a dismissal," there is no abuse of discretion. *Id.*  The Court has fulfilled its obligation to the parties in this regard.

Another consideration favoring Messer is that the Milford Defendants had actual notice of the lawsuit (the third factor). (ECF No. 29-1, PageID.647-48).  Yet Messer's lack of diligence in serving process, together with the necessity of adhering to the applicable limitations period, combine to overshadow this factor.  Statutes of limitations "serve important purposes, such as providing notice and repose and preserving evidence for litigation." *Morrissey*, 17 F.4th at 1160 n.7.  They "reflect legislative policy judgments and should not be lightly ignored by the judiciary." *Id.* Simply casting aside the statute of limitations – especially when Messer failed to make a demonstrated effort to comport with it – would, therefore, be inappropriate. *See Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 487 (1980) ("Statutes of limitations are not simply technicalities . . . they have long been respected as fundamental to a well-ordered judicial system.").

The main takeaway is that any resulting prejudice from dismissing the Milford Defendants could have been avoided.  This is a case "where the technical default was the result of pure neglect on the plaintiff's part." *Zapata*, 502 F.3d at 198.  It illustrates the dangerous confluence of bringing an action at the tail-end of the limitations period and retaining an attorney who lacks a clear grasp of the Federal

Rules of Civil Procedure, particularly those governing service of process. *See Jones*, 12 F.4th at 751 ("we have warned that an attorney who files suit when the statute of limitations is about to expire must take special care to achieve timely service of process because a slip-up can be fatal.").  The consequences stemming from these missteps should ultimately fall to the party who made them, *i.e.*, Messer – not the Milford Defendants. *See Zapata*, 502 F.3d at 198 ("no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect.").

Because the *Oakland Physicians* factors tilt against enlarging the time for Messer to serve process on the Milford Defendants, dismissing them from this litigation is warranted.  Accordingly,

IT IS ORDERED that the Milford Defendants' motion to dismiss the claims asserted against them in the amended complaint (ECF No. 14) is granted.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to terminate Milford Township, the Milford Township Police Department, and Officers Swadish and Esposito from the docket as parties to this action.

Dated: August 8, 2025
<div style="margin-left:auto">

s/ Robert J. White
Robert J. White
United States District Judge
</div>