UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON MESSER,

      Plaintiff,

v.

SPENCER SWADISH, et al.,

      Defendants.

Case No. 24-cv-11743

Honorable Robert J. White

---

**ORDER GRANTING IN PART AND DENYING IN PART THE
HEALTHCARE DEFENDANTS' MOTION FOR A QUALIFIED
PROTECTIVE ORDER PURSUANT TO HIPAA**

---

Jon Messer commenced this 42 U.S.C. § 1983 action against, among others, Advanced Correctional Healthcare, Inc., nurses Julie Battista, Lindsey Beadle, Trina Barnett, and Jennifer Read, and Dr. Darryl Parker (the "Healthcare Defendants" collectively). The amended complaint alleges that the individual Healthcare Defendants exhibited deliberate indifference to Messer's infected foot wound during his detention at the Livingston County jail. Messer also asserts that Advanced Correctional Health is subject to municipal liability under section 1983 because it failed to properly train and supervise the individual Healthcare Defendants.

Before the Court is the Healthcare Defendants' motion for a qualified protective order pursuant to the Health Insurance Portability and Accountability Act

of 1996 ("HIPAA"). (ECF No. 37).  Messer responded in opposition. (ECF No. 43).

The Healthcare Defendants did not file a reply.  The Court will decide the motion

without a hearing pursuant to E.D. Mich. LR 7.1(f)(2).

The parties' dispute focuses solely on one aspect of the proposed qualified

protective order: the appropriateness and scope of the provisions governing *ex parte*

interviews with Messer's treating medical providers.  Judge Lawson addressed this

exact question in *Thomas v. 1156729 Ontario, Inc.*, 979 F. Supp. 2d 780 (E.D. Mich.

2013).  And after reviewing *Thomas*, the Court finds its reasoning and conclusion

both persuasive and dispositive.  Most importantly, there is no "indication that

[Messer's] medical records contain sensitive information, treatment for conditions

irrelevant to the lawsuit, or privileged information" that warrant restricting access to

the medical providers who treated him for his alleged injuries. *Id.* at 785.  Therefore,

consistent with *Thomas*, it is hereby,

ORDERED that the Healthcare Defendants' motion for a qualified protective

order pursuant to HIPAA (ECF No. 37) is granted in part and denied in part.

IT IS FURTHER ORDERED that the Healthcare Defendants shall modify the

proposed qualified protective order (ECF No. 37-2) to limit the scope of

discoverable *ex parte* material to any personal health information concerning the

2

care, treatment, examination, diagnosis, and prognosis for the injuries, conditions, or diseases that are alleged to have been caused by the Healthcare Defendants' conduct, or otherwise bears on the question of Messer's damages in this case.

IT IS FURTHER ORDERED that the Healthcare Defendants must supplement the proposed qualified protective order to include the following language:

A. Defense counsel may conduct in-person or telephone interviews of medical providers for the purpose of obtaining information about Messer's care, treatment, examination, diagnosis, and prognosis for injuries, conditions, or diseases that are alleged to have been caused by the Healthcare Defendants' conduct, or otherwise bear on the question of damages in this case; and

B. Before questioning, the Healthcare Defendants must provide clear and explicit notice to Messer's medical providers about the purpose of the interview, that they are not required to speak to defense counsel, and they may have an attorney of their choice present at the interview.

IT IS FURTHER ORDERED that the Healthcare Defendants shall submit a revised proposed qualified protective order, which includes the above amendments, in Microsoft Word format through the Utilities function in CM/ECF by no later than **<u>Friday, April 17, 2026</u>**.

IT IS FURTHER ORDERED that counsel for the parties shall sign the revised proposed qualified protective order.  Messer's counsel's signature must indicate that the revised order is approved as to form only.

Dated: April 10, 2026

s/ Robert J. White
Robert J. White
United States District Judge

4