UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON MESSER,

     Plaintiff(s),

v.

COUNTY OF LIVINGSTON, et al.,

     Defendant(s).

Case No. 24-cv-11743

Honorable Robert J. White

## QUALIFIED PROTECTIVE ORDER AND AUTHORIZATION

THIS COURT, through the filing of Defendants Advanced Correctional Healthcare, Inc., Julie Battista, R.N., Darryl Parker, M.D., Lindsey Beadle, LPN, Trina Barnett, LPN, and Jennifer Read, R.N.'s Motion for Qualified Protective Order Pursuant to HIPAA, otherwise being fully advised in the premises, hereby enters this Qualified Protective Order and Authorization pursuant to the Privacy Rules implementing HIPAA at 45 C.F.R. 164.512(e), pursuant the Court's Opinion and Order dated April 10, 2026 (ECF No. 47) as follows:

1.    In response to a discovery request, authorization or subpoena served under the Federal Rules of Civil Procedure, the parties to this litigation and/or their counsel are permitted to obtain protected health information (hereinafter "PHI")

from any healthcare provider/covered entity (hereinafter "covered entity") who has been disclosed by a party to this litigation and who has rendered treatment to Plaintiff, Jon Messer, or made payment for treatment on his behalf.

2.     This Qualified Protective Order and Authorization permits and authorizes defense counsel to conduct in-person or telephone interviews of medical providers for the purpose of obtaining information about Plaintiff's care, treatment, diagnosis, and prognosis for injuries, conditions, or diseases that are alleged to have been caused by the Defendants' conduct, or otherwise bear on the question of damages in this case, and to obtain PHI from said covered entities without the interference of Plaintiff's Counsel, outside the presence of Plaintiff's Counsel, and for those covered entities who have been disclosed by a party to this litigation, without having to provide notice to Plaintiff's Counsel before engaging in same.

3.     Via this Qualified Protective Order and Authorization, the covered entities who rendered treatment to Jon Messer, are put on notice that defense counsel wishes to meet with them, but does not require them, to discuss their care and treatment of Jon Messer, including, but not limited to any personal health information concerning the care, treatment, examination, diagnosis, and prognosis for injuries, conditions, or diseases that are alleged to have been caused by the Defendants' conduct, or otherwise bears on the question of Plaintiff's damages in this case.

4.      The purpose of this disclosure is not at the request of the patient; however he has been put on notice of this Order and Authorization. The purpose of the information is to assist the Defendant-party in defense of a lawsuit brought by Jon Messer. Before questioning, the Defendants must provide clear and explicit notice to Plaintiff's medical providers about the purposes of the interview, that they are not required to speak to defense counsel, and they may have an attorney of their choice present at the interview.

5.      The parties and/or their counsel are prohibited from using or disclosing any PHI obtained with this Qualified Protective Order and Authorization for any purpose other than this litigation; except that, nothing herein shall be construed to apply to, or impair the rights of, a party individual who is the subject of PHI that is covered by the Qualified Protective Order and Authorization to use or disclose PHI that is solely about the party individual.

6.      At the end of this litigation (including any and all appeals), the parties and/or their counsel will either return the PHI to the covered entity or destroy the PHI (including all copies made).

7.      In conjunction with the prosecution and/or defense of this litigation, the parties and/or their counsel are permitted to re-disclose PHI to persons and/or entities including the following: any party to the litigation, counsel for any party to the

3

litigation, non-expert witnesses, expert witnesses, counsel for any non-party to the litigation, the insurance carriers for any party to the litigation, and any other person permitted by other order of this Court.

8.      Any person or entity who receives PHI pursuant to paragraph 7 of this Qualified Protective Order and Authorization is prohibited from using the PHI for any purpose other than this litigation.

9.      Any person or entity who receives PHI pursuant to paragraph 7 of this Qualified Protective Order and Authorization must return the PHI to the covered entity or destroy the PHI (including all copies made) at the conclusion of this litigation.

        SO ORDERED.


Dated: April 23, 2026                          s/Robert J. White
                                               Robert J. White
                                               United States District Judge

**STIPULATED TO:**

/s/ Angelle M. Rothis (w/consent)
ANGELLE M. ROTHIS (P37661)
Attorney for Plaintiff

/s/ Carlos A. Escurel
ENRICO G. TUCCIARONE (P52767)
CARLOS A. ESCUREL (P60036)
Attorneys Defendants Advanced
Correctional Healthcare, Julie
Battista, R.N., Darryl Parker, M.D.,
Lindsey Beadle, LPN, Trina Barnett,
LPN, and Jennifer Read, R.N.

/s/ Kali M. Henderson (w/consent)
KALI M. HENDERSON (P76479)
Attorney for Defendants County of
Livingston, Hillier, Steinaway,
Schulte, Pringle, and Knapp

5