UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON MESSER,

Plaintiff,

v.

SPENCER SWADISH, et al.,

Defendants.

Case No. 24-cv-11743

Honorable Robert J. White

**ORDER GRANTING THE LIVINGSTON COUNTY DEFENDANTS' EMERGENCY MOTION FOR A PROTECTIVE ORDER COMPELLING THE DEPOSITION OF PLAINTIFF'S EXPERT**

Jon Messer commenced this 42 U.S.C. § 1983 action against Livingston County and several corrections deputies (the "Livingston County Defendants" collectively) as well as Advanced Correctional Healthcare, Inc. and several of its employees (the "Healthcare Defendants" collectively). The amended complaint alleges that the individual defendants exhibited deliberate indifference to Messer's infected foot wound during his detention at the Livingston County jail. Messer also asserts that Livingston County and Advanced Correctional Health are subject to municipal liability under section 1983 because they failed to properly train and supervise the individual defendants.

Before the Court is the Livingston County Defendants' emergency motion for a protective order compelling the deposition of Messer's expert – Valerie Tennessen – at the time and place specified in the notice of deposition. (ECF No. 84). Messer did not respond to the emergency motion as the Court directed. (Text-Only Order, Sep. 3, 2026).

Federal Rule of Civil Procedure 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." The protective order may specify the "time and place . . . for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B).

Rule 26(b)(4)(A) authorizes the depositions of "an expert whose opinions may be presented at trial." Rule 30(b)(1) authorizes the party conducting the deposition to notify the deponent of the "time and place of the deposition." "When the parties have a dispute over the location of a deposition, courts have wide discretion in resolving the matter." *Milisits v. Us LLC*, No. 20-cv-11578, 2022 U.S. Dist. LEXIS 62062, at *3 (E.D. Mich. Apr. 1, 2022) (quotation omitted).

In view of this discretion, and for the reasons stated in the Livingston County Defendants' motion, it is hereby,

ORDERED that the Livingston County Defendants' emergency motion for a protective order compelling the deposition of Messer's expert – Valerie Tennessen – at the time and place specified in the notice of deposition (ECF No. 84) is granted.

IT IS FURTHER ORDERED that Ms. Tennessen's deposition shall take place at the following date, time, and place:

**DATE: September 18, 2026**

**TIME: 9:00 AM (PDT)**

**PLACE: Zachari Dunes on Mandalay Beach-Curio Collection**
**2101 Mandalay Beach Rd.**
**Oxnard, CA 93035**

IT IS FURTHER ORDERED that Ms. Tennessen and Messer's counsel are directed to attend the deposition at the aforementioned date, time, and place. **ANY FAILURE TO ADHERE TO THIS DIRECTIVE MAY RESULT IN THE IMPOSITION OF SANCTIONS PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE AND THE COURT'S INHERENT AUTHORITY**.

IT IS FURTHER ORDERED that Ms. Tennessen's deposition "is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). The Court will extend this time in the

event "the deponent, another person, or any other circumstance impedes or delays the examination." *Id.*

Dated: September 15, 2026

s/ Robert J. White
Robert J. White
United States District Judge